NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231063-U

NO. 4-23-1063

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 8, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Rock Island County |
| FREDERICK J. MCKENZIE JR, | ) | No. 23CF82 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Frank R. Fuhr, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Harris and Steigmann concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed, finding the circuit court did not abuse its discretion
in denying defendant pretrial release.

¶ 2    Defendant, Frederick J. McKenzie Jr., appeals the circuit court's October 3, 2023,

order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure

of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Act 101-652, § 10-255

(eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). See Pub. Act 102-1104,

§ 70 (eff. Jan. 1, 2023) (amending various provisions of the Act); *Rowe v. Raoul*, 2023 IL

129248, ¶ 52 (setting the Act's effective date as September 18, 2023). Defendant filed a timely

notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023), using the

form provided in Rule 606(d) (eff. Sept. 18, 2023). He filed no memorandum and relied solely upon the grounds for relief checked in the notice of appeal.

¶ 3                                I. BACKGROUND

¶ 4        On January 25, 2023, the State charged defendant with two counts by way of information: count I charged him with aggravated arson (720 ILCS 5/20-1.1(a)(1) (West 2022)), a Class X felony, and count II charged him with residential arson (720 ILCS 5/20-1(b) (West 2022)), a Class 1 felony. The same day, the circuit court determined there was probable cause to believe the alleged offenses were committed and defendant committed them. The court then set defendant's bond at $100,000, requiring the deposit of 10%. Defendant did not post bond and remained in custody.

¶ 5        On September 11, 2023, defendant filed a motion for pretrial release, calling for the circuit court to release him immediately on the conditions he appear before the court as ordered, submit himself to the orders of the court, not violate any criminal statute, and surrender all firearms. Three days later, the State charged defendant with aggravated battery in a public place in Rock Island County case No. 2023-CF-710. Defendant's counsel moved to withdraw from the case because she also represented the alleged victim in defendant's new charge. In its order granting the attorney's motion to withdraw and appointing new counsel, the court consolidated defendant's two pending cases, Rock Island County case Nos. 23-CF-82 and 23-CF-710. The court set a detention hearing and ordered that defendant remain detained in both case numbers.

¶ 6        On September 14, 2023, the State filed a verified petition to deny defendant pretrial release under section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)), as amended by the Act. The petition recited the felony arson charges. The State sought to deny

defendant pretrial release because "[t]he defendant is charged with a forcible felony, or any other felony which involves the threat of or infliction of great bodily harm or permanent disability or disfigurement and the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community." See 725 ILCS 5/110-6.1(a)(1.5) (West 2022). In support of its petition, the State provided the following factual basis:

> "On 1/25/2023, the defendant entered the apartment complex located 3741 53rd Street, Moline, Illinois where he used to reside with a red can of motor oil. The defendant's actions of coming in the [apartment] complex with the oil can and leaving with an oil can are witnessed by 2 maintenance employees. They know the defendant on sight from when he was a resident and he was just evicted. The area where the [defendant] went with the oil can was set on fire at a time when the building was occupied and approximately 14 people were present. The defendant had recently been in a dispute with the property management company over a $1,500 rebate that he had not received due to a dispute over damages to the apartment he had previously vacated."

In the written petition, the State provided additional grounds upon which defendant should be denied pretrial release, namely defendant's criminal history and continued criminal behavior. Defendant was previously convicted in Rock Island County case No. 2005-CF-1046 of "Home Invasion and Armed Robbery," where he "received a prison sentence of fifteen (15) years." In 2021, defendant was charged and convicted of "Possession of a Weapon by a Felon in Henry County case number 2021[-]CF[-]187." The State further noted, "while the instant case has been

pending, the defendant has also been charged with Aggravated Battery in a Public Place in Rock Island County case number 2023[-]CF[-]710." In the petition, the State asserted defendant "demonstrated that he resorts to violent means to resolve disputes, that despite being a convicted felon he has the ability and desire to possess firearms, and that despite being incarcerated in a controlled environment he still resorts to violence and poses a real and present threat to the safety of any person or persons or the community."

¶ 7 On October 3, 2023, the circuit court held a detention hearing. The State listed the charges against defendant and the bases for detention. It recounted defendant's criminal history over defense counsel's objection. It noted defendant was charged with aggravated battery while detained in the county jail. The State highlighted defendant's violent nature and possession of a firearm as a convicted felon. The State emphasized defendant poses a real and present threat to the safety of any person, persons, or the community, best evidenced by the fact he continued to commit violent crime—aggravated battery—while incarcerated. The State recalled the factual basis quoted in the petition.

¶ 8 Defense counsel argued the State had not met its burden for detaining defendant. Defense counsel contended the State failed to establish both great bodily harm from the alleged arson and the requisite dangerousness for detention. Defense counsel argued an ankle monitor would be a less restrictive condition that could assure safety to the apartment complex.

¶ 9 On rebuttal, the State contended it need only show a threat of great bodily harm and pointed out an ankle monitor would still give defendant freedom of movement, which would continue to place the apartment complex and its residents in fear and in danger. The circuit court stated:

"I find by clear and convincing evidence that the proof is evident and the presumption great that the defendant committed the qualifying offense and that he poses a real and present threat to the safety of the community based on the nature and circumstances of the offense and the history and characteristics of the defendant, so he will be detained."

The court issued a written order noting that it held a detention hearing on defendant's motion for pretrial release and found defendant should be detained under the dangerousness standard. In the order, the court outlined the bases for concluding detention was necessary, having fully explained those reasons while rendering its decision in open court. The court's order noted less restrictive conditions would not assure the safety of any person or persons or the community because of the "nature of [the] charges" and the "history [and] characteristics of defendant."

¶ 10        This appeal followed.

¶ 11                                  II. ANALYSIS

¶ 12        We review the circuit court's denial of defendant's motion for pretrial release for an abuse of discretion. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. "An abuse of discretion occurs when the circuit court's decision is arbitrary, fanciful or unreasonable or where no reasonable person would agree with the position adopted by the [circuit] court." (Internal quotation marks omitted.) *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9, 143 N.E.3d 833.

¶ 13        Defendant filed a notice of appeal using the form provided in the Article VI Forms Appendix to the Illinois Supreme Court Rules. See Ill. S. Ct. R. 606(d) (eff. Sept. 18, 2023). In the notice of appeal, defendant indicated he was appealing an order denying him pretrial release entered on October 3, 2023. The form directed defendant to check boxes next to

the grounds for relief and to "describe in detail." He checked the boxes for five different grounds for relief, including: (1) "Defendant was not charged with an offense qualifying for denial or revocation of pretrial release or with a violation of an order of protection qualifying for revocation of pretrial release;" (2) "The State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offense(s) charged;" (3) "The State failed to meet its burden of proving by clear and convincing evidence that defendant poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case;" (4) "The State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case, or the defendant's willful flight;" and (5) "The court erred in its determination that no condition or combination of conditions would reasonably ensure the appearance of defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor." He provided no detailed description for why these grounds warranted relief.

¶ 14　　　　Instead, in the space marked "Other," defendant listed five more grounds for reversing the detention order: (1) "Written findings insufficient to support courts [*sic*] conclusions;" (2) " 'Check-the-box' order with no written findings regarding allegations of this actual case violates legislative intent;" (3) " 'Nature of charges' as sole 'fact' found by court is insufficient to meet elements;" (4) " 'Defendant's history' improperly considered;" and (5) "Even where 'defendant's history' and 'nature of charges' are considered together, they are insufficient to meet elements necessary for detention." Although these five reasons could be viewed as related to the five checked boxes, defendant made no effort to connect them to the

checked boxes to form a cohesive argument. He likewise has not filed a supporting memorandum on appeal.

¶ 15    Here, defendant has not shown how the circuit court abused its discretion in finding the State established by clear and convincing evidence of each of the factors listed in the court's order resulting in his detention. He was charged with a detainable offense, the proof was evident or presumption great he committed the offense because probable cause had been found long ago, and the State demonstrated defendant's substantial violent criminal history and continued criminal conduct posed a real and present threat to persons or the community. The State explained how the nature of the offense—aggravated arson involving an apartment complex with 14 people present—and the commission of a violent felony while incarcerated for the arson evinced defendant's continued threat to persons and the community as a whole.

¶ 16    In contrast, defendant's checked boxes with somewhat cryptic points in the "Other" category fail to explain why the circuit court's findings were an abuse of discretion. "[D]efendant, as the appellant, bears the burden of persuasion as to [his] claims of error." *Insurance Benefit Group, Inc. v. Guarantee Trust Life Insurance Co.*, 2017 IL App (1st) 162808, ¶ 44, 91 N.E.3d 950. An appellant may not satisfy his or her burden of persuasion by merely checking a box on a form notice of appeal next to boilerplate language. At a minimum, the appellant must also point to some specific facts or aspect of the case supporting the checked ground for relief. See *Inman*, 2023 IL App (4th) 230864, ¶ 13 ("[I]t is reasonable to conclude the Illinois Supreme Court, by approving the notice of appeal form, expects appellants to at least include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box."). As we noted in *People v. Martin*, 2023 IL App (4th) 230826, ¶ 18, Rule 604(h), which governs appeals under this Act, states "[t]he Notice of Appeal shall

describe the relief requested and the grounds for the relief requested, and the form notice of appeal prescribed by Rule 606(d) requires the defendant to *describe those grounds in detail*." (Emphasis added and internal quotation marks omitted.) *Martin*, 2023 IL App (4th) 230826, ¶ 18. Because defendant failed to do as much here, we cannot conclude defendant carried his burden regarding the five checked boxes in the notice of appeal.

¶ 17        As for the five "Other" grounds for relief, they too lack detailed descriptions. Furthermore, there was no effort from defendant to link these grounds to the checked boxed reasons on the notice. To the extent we can understand their relevance, we can easily address them. First, defendant alleged the circuit court's "Written findings insufficient to support courts [*sic*] conclusions." The court's written order clearly identified the "nature of [the] charges" and the "history [and] characteristics of defendant" as reasons for finding less restrictive conditions could not assure community safety. These two reasons are acceptable written findings because they are appropriate factors for the court's dangerousness consideration under section 110-5(a)(1), (3)(A). See 725 ILCS 5/110-5(a)(1), (3)(A) (West 2022). Considering the entire record before the court, we do not find an abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶¶ 10-11. Second, the irony of defendant's complaint about a check-the-box order, found in a check-the-box notice of appeal, is not lost on us. The court's order contained written findings stating the reasons for its conclusion and, therefore, complied with section 110-6.1(h)(1). See 725 ILCS 5/110-6.1(h)(1) (West 2022). Third, we do not understand defendant's contention that " 'Nature of charges' as sole 'fact' found by court is insufficient to meet elements." There is no explanation of what is meant by "elements." Elements of the crime? Elements of dangerousness under section 110-6.1(g) (725 ILCS 5/110-6.1(g) (West 2022))? Do "elements" mean "conditions of release"? We will not speculate, nor should we. See *Inman*, 2023 IL App (4th)

230864, ¶ 13 ("[W]e doubt Rule 604(h) now requires the appellate court to act as an advocate or seek error on the appellant's behalf—something heretofore expressly forbidden."). More importantly, the court did not rely solely on the nature of the charges. It also referenced defendant's history and characteristics. Fourth, defendant's allegation that " 'Defendant's history' [was] improperly considered" is patently wrong. Sections 110-6.1(g) and 110-5(a)(3) expressly allow for consideration of defendant's history and characteristics. See 725 ILCS 5/110-5(a)(3) (West 2022) (listing considerations for determining conditions of release); 725 ILCS 5/110-6.1(g)(2), (9) (West 2022) (listing considerations for determining dangerousness). Fifth, defendant's claim that his history and the nature of the charges "are insufficient to meet elements necessary for detention" is a veiled attempt to have us reweigh the evidence. As we just explained, the Code allows courts to consider a defendant's history and the nature of the charges when determining whether to detain a defendant. Since the law allows for a court to consider these factors, and the court here did just that, we will not substitute our judgment for the circuit court's. *Inman*, 2023 IL App (4th) 230864, ¶ 11. Overall, the record here confirms the circuit court followed and applied the Code when deciding to detain defendant. Therefore, the decision is not arbitrary, fanciful, or unreasonable. There was no abuse of discretion. *Inman*, 2023 IL App (4th) 230864, ¶ 10.

¶ 18                                    III. CONCLUSION

¶ 19          For all these reasons, we affirm the circuit court's judgment.

¶ 20          Affirmed.