NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231273-U

NO. 4-23-1273

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 30, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Sangamon County |
| ROBERT R. TERRY, | ) | No. 23CF1055 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Dwayne A. Gab, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE TURNER delivered the judgment of the court.
Justice Harris concurred in the judgment.
Justice Steigmann dissented.

**ORDER**

¶ 1    *Held*:  Defendant is entitled to a new detention hearing because the circuit court did not comply with the statutory provisions related to orders denying pretrial release.

¶ 2    Defendant, Robert R. Terry, appeals the Sangamon County circuit court's November 3, 2023, order denying him pretrial release pursuant to section 110-6.1 of the Code of Criminal Procedure of 1963 (Procedure Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act.  In his memorandum on appeal, defendant asserts the State failed to prove by clear and convincing evidence (1) he posed a real and present threat to the safety of any person or the community and (2) no condition or combination of conditions could mitigate the real and present threat posed by his release.  As part of his argument in support of his second contention,

defendant alleges the circuit court did not comply with section 110-6.1(h)(1) of the Procedure Code (725 ILCS 5/110-6.1(h)(1) (West 2022)) because it did not explain why less restrictive conditions would not mitigate the risk posed by his pretrial release. We reverse and remand with directions.

¶ 3                                    I. BACKGROUND

¶ 4          On November 3, 2023, the State charged defendant with one count of attempt (first degree murder) (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2022)), one count of aggravated domestic battery (720 ILCS 5/12-3.3(a) (West 2022)), two counts of aggravated battery (720 ILCS 5/12-3.05(a)(1), (f)(1) (West 2022)), and one count of possession of methamphetamine (720 ILCS 646/60(a) (West 2022)). That same day, the State filed a verified petition to deny defendant pretrial release under section 110-6.1(a)(1.5), (a)(4), (a)(7) of the Procedure Code (725 ILCS 5/110-6.1(a)(1.5), (a)(4), (a)(7) (West 2022)).

¶ 5          Also, on November 3, 2023, the circuit court held the detention hearing. The State made a proffer and argued defendant should be denied pretrial release. Defense counsel asserted the State failed to meet its burden of showing by clear and convincing evidence no condition or combination of conditions could be imposed to assure the safety of the community. After hearing the parties' arguments, the court made the following findings:

          "In regards to this matter, the Court finds by clear and convincing

          evidence that the proof is evident and the presumption great that the defendant

          committed detainable offenses and forcible felonies as well as an aggravated

          domestic battery pursuant to paragraphs 1 through 7 of 725 ILCS 5/110-6.1(a);

          that the defendant's pretrial release poses a real and present threat to the safety of

          persons in the community based on the specific articulable facts of the case and

by conduct which includes those forcible felonies as well as intimidation, injury, or abuse, and denial of release is necessary to prevent the fulfillment of threats upon which this charge is based; that no conditions can mitigate the real and present threat to the safety of the persons in this community based upon specific articulable facts.

    And in regards to this, the Court finds that this is based upon the nature and circumstances of the offenses charged. It is based upon the defendant's prior criminal history being indicative of violent, abusive, or assaultive behavior; that the identity of any persons to whom the safety of the defendant is believed to pose a threat and the nature of those threats; the statements made or attributed to the defendant together with circumstances surrounding those statements; the age and physical condition of the defendant; the age and physical condition of the victims and complaining witnesses; also that the defendant was already on pretrial release pending trial in another matter."

¶ 6        That same day, the circuit court entered a written pretrial detention order. The order was a form order dated October 2023. The court checked the box indicating the State had proven the dangerousness standard by clear and convincing evidence. The order further stated, "The Court's reason(s) for concluding the defendant should be denied pretrial release are based on the following: (Check all boxes that apply)." (Emphases omitted.) It then listed the following factors with a box in front of each factor:

        "Nature and circumstances of the offense(s) charged. Defendant's prior criminal history is indicative of violent, abusive or assaultive behavior. Defendant's psychological, psychiatric or other social history indicates a violent, abusive or

- 3 -

assaultive nature. The identity of any person(s) to whose safety the defendant is believed to pose a threat, and the nature of the threat. Any statement(s) made by, or attributed to the defendant, together with circumstances surrounding them. The age and/or physical condition of the defendant. The age and/or physical conditions of any victim or complaining witness. Defendant is known to possess or have access to weapons. At the time of the current offense(s)/arrest, defendant was on probation, parole, aftercare release, mandatory supervised release or other release from custody pending trial, sentencing, appeal or completion of sentence."

In this case, the court checked every box except for the psychological one and the one regarding access to weapons.

¶ 7      Defendant filed a timely notice of appeal in sufficient compliance with Illinois Supreme Court Rule 604(h)(2) (eff. Oct. 19, 2023), and thus this court has jurisdiction of defendant's appeal under Illinois Supreme Court Rule 604(h)(1)(iii) (eff. Oct. 19, 2023).

¶ 8                                II. ANALYSIS

¶ 9      Under the amended Procedure Code, the circuit court may deny a defendant pretrial release only if, upon verified petition, the State proves by clear and convincing evidence at a detention hearing, (1) the proof is evident or the presumption great the defendant committed a detainable offense, (2) the defendant poses a threat to the safety of the community or any person in the community, and (3) no combination of conditions can mitigate the threat to the safety of the community. 725 ILCS 5/110-6.1(a), (e)(1)-(3) (West 2022). Section 110-6.1(g) of the Procedure Code (725 ILCS 5/110-6.1(g) (West 2022)) lists the factors to be considered in making the determination of dangerousness. Moreover, section 110-5(a) of the Procedure Code (725 ILCS 5/110-5(a) (West 2022)) sets forth the matters to be considered in determining

- 4 -

(1) which conditions of pretrial release, if any, will reasonably ensure the defendant's appearance as required or the safety of any person or the community and (2) the likelihood of the defendant's compliance with all the conditions of pretrial release. Section 110-6.1(h)(1) of the Procedure Code then requires the circuit court in any detention order to do, *inter alia*, the following:

> "make a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case, or prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 10      In this case, we agree with defendant the circuit court did not comply with section 110-6.1(h)(1) because it did not set forth reasoning specific to this defendant for its conclusions at the detention hearing or in its written order. The written order lacked substance specific to this defendant, as it consisted of checked boxes next to a list of statutory factors, and then concluded defendant should be detained, with no additional explanation. At the detention hearing, the court had simply recited the same statutory factors, without any specifics related to this defendant. While the abuse of discretion standard of review is highly deferential and prohibits us from substituting our judgment for the circuit court's, this court must have at least some indication of the circuit court's specific reasoning for reaching its conclusions related to this defendant. See *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 11, 17 (setting forth the proper standard of review and noting the circuit court "provided specific, articulable facts for its decision"). Thus, for this court to review a finding no combinations of conditions can mitigate the safety threat the

defendant's pretrial release poses, the detention order must set forth facts specific to the defendant at issue in support of that finding. The same would be true for a dangerousness finding.

¶ 11	Additionally, the list of reasons set forth on the form order in this case are mostly the factors contained in section 110-6.1(g) of the Procedure Code (725 ILCS 5/110-6.1(g) (West 2022)) addressing dangerousness, rather than the factors set forth in section 110-5(a) of the Procedure Code (725 ILCS 5/110-5(a) (West 2022)) regarding pretrial release conditions. The finding of dangerousness and the finding no conditions can mitigate the safety risk are separate findings and require consideration of a list of factors that are not entirely the same. As such, it is not clear the circuit court considered the correct factors in determining no conditions can mitigate the safety risk posed by defendant's pretrial release.

¶ 12	Given the circuit court did not explain the basis for its conclusion no pretrial release conditions could protect the public and defendant, this court cannot fulfill our role of determining whether the circuit court properly exercised its discretion in ordering defendant's detention. As such, a new hearing on the State's motion to deny defendant pretrial release is warranted. At the new hearing, the circuit court must set forth its reasoning supporting its conclusions, as required by the amended Procedure Code.

¶ 13	Regarding the dissent filed in this case, we agree we should consider the circuit court's oral findings and pronouncements, and we indeed did so in our analysis. In this case, the court's oral comments related to its findings regarding dangerousness and that no conditions can mitigate the safety threat posed by defendant (second and third findings) are essentially identical to the language in the written form order. We are mindful all defendants are presumed eligible for pretrial release (725 ILCS 5/110-6.1(e) (West 2022)), yet nothing in the appellate record

demonstrates how or why the court determined no condition or combination of conditions could mitigate a threat posed by defendant's release. The State's extensive presentation of information means nothing when the record gives no indication the court even considered the proper statutory factors for the third finding. Additionally, we point out our analysis tracks the analyses in two recent decisions by this court. See *People v. Martin*, 2023 IL App (4th) 230826, ¶¶ 23-26; *People v. Dallefeld*, 2023 IL App (4th) 230925-U, ¶¶ 18-19.

¶ 14                                  III. CONCLUSION

¶ 15          For all these reasons, we vacate the Sangamon County circuit court's judgment and remand the cause for proceedings consistent with this order.

¶ 16          Vacated and remanded with directions.

¶ 17          JUSTICE STEIGMANN, dissenting.

¶ 18          Because I view this case differently than my distinguished colleagues in the majority, I respectfully dissent. The majority agrees with defendant that the trial court's written order of detention "lacked substance specific to this defendant by simply checking boxes with generic reasons for concluding a defendant should be detained with no additional explanation. At the detention hearing, the court simply recited the same generic findings."

¶ 19          In my opinion, when the trial court's findings and explanations at the detention hearing are considered in context, those findings and explanations are adequate. By "context," I mean the extensive information provided by the State when arguing why defendant should be detained. I acknowledge that had the trial court at the detention hearing expanded upon the reasons why it was ordering detention—for example by stating specifically that it agreed with particular portions of the State's argument—the court's doing so would have been helpful to this court on review.

¶ 20    In my view, it is critical that an appellate court, when reviewing a trial court's findings in support of its ruling that a defendant be detained, focus on what the trial court said at the detention hearing. An appellate court should not focus on the trial court's written detention order, which is entered after the hearing and is supposed to merely summarize the court's reasoning for ordering detention.

¶ 21    I am aware that section 110-6.1(h)(1) of the Procedure Code (725 ILCS 5/110-6.1(h)(1) (West 2022)) requires the trial court to enter a written order of detention whenever it orders a defendant detained. Nonetheless, it is the trial court's oral ruling and the explanations contained therein that should be the focus of appellate review.

¶ 22    To put it another way, if a trial court's written order of detention fails to include some finding or explanation that is present in the court's oral pronouncement at the detention hearing, that omission from the court's written order of detention does not undermine an otherwise appropriate order of detention based upon those oral pronouncements.

¶ 23    In support of this position, I cite *In re Madison H.*, 215 Ill. 2d 364, 374-75 (2005), a juvenile neglect case, in which the supreme court construed section 2-27(1) of the Juvenile Court Act of 1987 (705 ILCS 405/2-27(1) (West 2002)), which required a trial court to put in writing the factual basis for its finding at the dispositional hearing that a parent is unfit or unable to care for, protect, train, or discipline his or her child. The supreme court wrote of that requirement as follows:

> "[T]he writing requirement contained in section 2-27(1) exists to give the parties notice of the reasons forming the basis for the removal of the child and to preserve this reasoning for appellate review. Explicit oral findings stated during a dispositional hearing advise the parties of the basis for the removal of the minor

and, once transcribed, provide an equal opportunity to review the validity of the findings on appeal as well as written findings contained in an order. Respondent's suggested interpretation of section 2-27(1) [(namely, that a trial court commits reversible error by not providing a written order, as the statute requires)] unnecessarily elevates form over substance and disrupts the adjudication of a minor for purely technical defects that do not prejudice the parties." *In re Madison H.*, 215 Ill. 2d at 374-75.

¶ 24 Three years later, the supreme court in *In re Leona W.*, 228 Ill. 2d 439, 458-59 (2008), reaffirmed what it wrote in *Madison H.*, writing that in *Madison H.*, "we concluded that where an oral pronouncement is explicit and sufficient to advise the parties of the court's reasoning, the statutory requirement of a written explanation will be satisfied. [Citation.] We believe that rationale applies with equal force here[, which was a termination of parental rights case]."

¶ 25 I note that the Third District, in *People v. Hodge*, 2024 IL App (3d) 230543, ¶ 11, also an appeal of a pretrial detention order, recently cited *Madison H.* for the proposition that "where the transcript and order of the court 'provide an equal opportunity to review the validity of the finding on appeal,' it is sufficient." The Third District in *Hodge* then concluded that "based on the hearing and the court's order, we are able to fully consider the court's decision." *Id.* See also *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 19, construing the Pretrial Fairness Act: "[W]e hold that an explicit and individualized oral ruling may satisfy section 110-6.1(h)(1)."

¶ 26 I urge trial courts to fully explain their reasoning at the pretrial detention hearing when they order a defendant detained. See, *e.g.*, *Leona W.*, 228 Ill. 2d at 458 ("As noted earlier

in this opinion, however, the trial judge's ruling was predicated on stipulated facts that were read into the record, and the court clearly specified the facts it was taking into account in making its decision. The stipulations and the statements were, in turn, transcribed and included in the report of proceedings. There was nothing speculative about the trial judge's actions. What she did and why she did it were clearly spelled out. The lack of detail in the actual written order therefore worked no prejudice on any of the parties. It was a purely technical defect.").