**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1)

2024 IL App (3d) 230597-U

Order filed January 24, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0597 Circuit No. 22-CF-449 |
| | ) | |
| D'KIVA S. JONES, | ) ) | Honorable Frederick Vincent Harvey, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Davenport concurred in the judgment.
Presiding Justice McDade specially concurred.

_____

**ORDER**

¶ 1     *Held:* The court did not abuse its discretion in denying pretrial release.

¶ 2     The defendant, D'Kiva S. Jones, appeals from the order of the Will County circuit court granting the State's petition to deny pretrial release.

¶ 3                         I. BACKGROUND

¶ 4        The defendant was indicted with three counts of first degree murder (720 ILCS 5/9-1(a)(1), (2) (West 2022)), failure to report an accident involving personal injury or death (625 ILCS 5/11-401(b), (d) (West 2022)), failure to stop after having an accident involving personal injury or death (*id.* 11-401(a), (c)), and two counts of aggravated battery (720 ILCS 5/12-3.05(c), (f)(1), (h) (West 2022)). Her bail was set at $2 million, but she remained in custody. On September 26, 2023, the defendant filed a motion seeking pretrial release. The State filed a verified petition to deny pretrial release, alleging the defendant was charged with a forcible felony, and her release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1.5) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1.5) (West 2022)).

¶ 5        The petition included an approximately four-page, detailed factual basis that "[u]pon information and belief, the People would put forth" in support of detention. The factual basis provided that, on March 21, 2022, at 3:26 p.m. an officer was flagged down by a citizen who said there had been a crash. The officer saw the victim, Derek Walsh, lying in the parking lot next to a store. Walsh's motorcycle was on the scene. Walsh was bleeding from his eyes, mouth, ears, and nose. He was unresponsive and had shallow breathing. He was transported to the hospital but died from his injuries. An autopsy was performed, and the cause of death was listed as multiple injuries due to an automobile striking him. Officers obtained a videotape from the store, which showed a Ford Escape race up to Walsh as Walsh was off his motorcycle. The vehicle came right up to Walsh and either hit Walsh and/or Walsh put his hands out onto the vehicle, at which point the vehicle stopped. The driver, later identified as the defendant, opened the door, partially stepped out, and appeared to speak to Walsh. The defendant then got back into her car, drove forward, and hit Walsh's motorcycle. The defendant then backed her vehicle up, and Walsh walked toward the

2

vehicle. The defendant then accelerated fast and hit Walsh and ran over him. The defendant left the scene.

¶ 6        The factual basis further detailed the investigation. A witness saw the incident. Officers ultimately identified and located the defendant's vehicle. The defendant and a man approached the vehicle when they were apprehended by the police. The man stated that he was in the car as a passenger on the day of the incident and provided the details, consistent with the video and the witness. The defendant stated that Walsh had previously threatened to harm her. The defendant stated that she ran over the victim because she was afraid. The defendant further made an incriminating statement to another inmate at the jail. A few months before this incident, Walsh had visited the police department, indicating that the defendant was his girlfriend and had attempted to run him over.

¶ 7        A hearing was held on the petition on October 4, 2023. The State provided the factual basis and indicated that it had a copy of the video for the court. Defense counsel argued that Walsh was a "thug" and that the defendant acted in self-defense. Counsel stated that he would be arguing at trial that the defendant was a battered woman. At the close of the hearing, the court granted the State's petition, finding that it met its burden by clear and convincing evidence. The court's written order was contained on a preprinted pretrial detention order form.

¶ 8        On appeal, the defendant does not challenge the propriety of the court's order granting the State's petition. Instead, she solely argues the court failed to make written findings and takes issue with the State's proffer. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023

IL App (2d) 230382, ¶ 19. We consider issues of statutory construction *de novo*. *People v. Taylor*, 2023 IL 128316, ¶ 45.

¶ 9 First, the defendant argues that the court failed to make the necessary written findings because it used a check-the-box form. We have already considered this issue and the same form used here in *People v. Hodge*, 2024 IL App (3d) 230543. In *Hodge*, we found that the form specifically allowed the court to indicate which factors enumerated in the statute it found applicable in the case. *Id.* ¶ 10. Moreover, we noted that the point of such written findings was to facilitate appellate review and "where the transcript and order of the court 'provide an equal opportunity to review the validity of the finding on appeal,' it is sufficient." *Id.* ¶ 11 (quoting *In re Madison H.*, 215 Ill. 2d 364, 375 (2005). We adopt this reasoning, here, and find that the written order of the court was sufficient.

¶ 10 Second, the defendant takes issue with the State's proffer. Specifically, the defendant argues that the State had to name the officers that would testify. We disagree. The statute states that the rules of evidence do not apply to pretrial detention hearings. 725 ILCS 5/110-6.1(f)(5) (West 2022). Instead, "[t]he State or defendant may present evidence at the hearing by way of proffer based upon reliable information." *Id.* § 110-6.1(f)(2). The State verified that the factual basis was the evidence it would put forth based on the information it had. We note that the defendant does not make any further arguments. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 11                                    III. CONCLUSION

¶ 12 For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

¶ 13 Affirmed.

¶ 14 PRESIDING JUSTICE McDADE, specially concurring:

4

¶ 15    I generally concur with the majority decision. I write separately to note that the State's proffer provides significant evidence to make it clear that defendant's actions alleged in the charge were targeted, that they were directed at Walsh, that she expressed specific reasons for her actions as to him, and that Walsh is dead. To what person or persons or to what community does she "pose[] a real and present threat to the[ir] safety"?  The proffer would appear to show that the State has not satisfied the second and, consequently, the third element of its burden of proof.