**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230629-U

Order filed January 25, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0629 Circuit No. 23-CF-398 |
| ANGEL R. MARTINEZ, | ) ) ) | Honorable Cynthia M. Raccuglia, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1     *Held*:   The court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2     On November 6, 2023, defendant, Angel R. Martinez, was charged with unlawful possession of methamphetamine with intent to deliver (Class X) (720 ILCS 646/55(a)(1) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable felony, and her release posed a real and present threat to the safety of any

person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 3                                            I. BACKGROUND

¶ 4        The factual basis provided that agents of the Trident Drug Task Force executed a search warrant on defendant's residence where they located defendant and a substance that tested positive for methamphetamine. "The amount, digital scale, and previous buy out of the residence are all indicative of an intent to deliver." The pretrial investigation report indicated that defendant lived at the residence with her boyfriend, his friend, and the friend's daughter. A risk assessment indicated that she was a Level 4 risk (with Level 6 being the highest level risk). Defendant had other pending cases for possession of methamphetamine, driving on a suspended license, retail theft, and resisting a peace officer. She was on bond at the time. She also had convictions in Florida for burglary, grand theft, dealing or trafficking in stolen property, and false verification of ownership in 2019.

¶ 5        A hearing was held on the petition on November 6, 2023. The State provided the factual basis, noting that there was "a large amount of methamphetamine which has somewhat infested the community," and "the amount was clear that it was for sale." The State indicated that defendant had an extensive criminal history stating, "Seems like wherever she's gone, there's been some trouble." She had a felony out of Mississippi for contempt of court. The State noted that in defendant's currently pending cases "we have some failure to appears." Defense counsel indicated that defendant was living at the residence with her boyfriend, her name was not on the search warrant, and "there's no actual evidence that she had any idea or any involvement with selling narcotics." Counsel argued it was defendant's boyfriend who was engaged in the sale of the drugs.

Counsel noted that there was no violence alleged. Counsel further indicated that defendant's sister could drive her to court.

¶ 6 The court granted the State's petition finding the State met its burden by clear and convincing evidence. In doing so, the court noted defendant's criminal history, the volume of drugs charged, and the fact that defendant was on bond at the time. The court's written order included a check-the-box form and further stated that the court granted the petition for the reasons stated on the record.

¶ 7                                    II. ANALYSIS

¶ 8 On appeal, defendant contends that the court abused its discretion in granting the petition to detain. She challenges each of the court's findings as well as the court's written order. We consider factual findings for the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 9 Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the

3

conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 10    We find the court did not abuse its discretion in granting the petition. First, defendant argues the State failed to prove by clear and convincing evidence that the proof was evident that she committed the offenses charged. Specifically, defendant points to her boyfriend as the perpetrator. However, both defendant and her boyfriend lived at the residence, and defendant was present when the house was searched. Defendant had also been recently charged with possession of methamphetamine, which tends to discredit the argument that she did not know about the drugs and connects her to the methamphetamine. Second, defendant was a danger to the community, based on the sale of the drugs. She also had a criminal history and was on bond at the time of the offense. While defendant argues that the order should be vacated because the court inadvertently checked the box for willful flight, our review of the record shows that the court did not check such a box. Third, defendant contends that the court erred in finding that there were no conditions to mitigate any threat she posed. Defendant clearly had an issue following orders of the court. She was on bond at the time, and the evidence indicated that she had failed to appear in court and had previously been held in contempt of court. Moreover, home monitoring would not have prevented the offense in this case. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 11    Lastly, defendant argues the court failed to make the necessary written findings. We have already considered this issue in *People v. Hodge*, 2024 IL App (3d) 230543. In *Hodge*, we noted that the point of such written findings was to facilitate appellate review and "where the transcript and order of the court 'provide an equal opportunity to review the validity of the finding on appeal,'

it is sufficient." *Id.* ¶ 11 (quoting *In re Madison H.*, 215 Ill. 2d 364, 375 (2005)). We adopt this reasoning here and find that the written order of the court was sufficient.

¶ 12                                    III. CONCLUSION

¶ 13         The judgment of the circuit court of La Salle County is affirmed.

¶ 14         Affirmed.

¶ 15         PRESIDING JUSTICE McDADE, dissenting:

¶ 16         I dissent from the decision of the majority affirming the circuit court's grant of the State's petition to deny pretrial release for this defendant.

¶ 17         At issue in this case is not defendant's guilt or innocence of the charged offense. The question here is what conditions, if any, would allow this defendant to be released into the community until her trial by mitigating any real danger she poses to individual persons or to the community and/or inhibiting any risk of flight to avoid prosecution. As has apparently become commonplace in these hearings in the circuit court, the State in this case presented no evidence at all regarding the third element of section 110-6.1(e). Rather, the State provided support for the first two elements and then merely tendered an unsupported legal conclusion on the third element. Even assuming that the State met its burden of proof on the second element, it does not automatically follow that the third element has also been proven. The legislature has specifically required that the State prove, by clear and convincing evidence, that "no conditions could mitigate this threat or risk of flight." Id. § 110-6.1(e). Even though it is not the defendant's burden to show that conditions exist that mitigate any threat that he or she poses under the statute, one can easily see why defendants raise specific conditions at these hearings, in defense of any supposed risk they pose—the circuit courts have been allowing the State to completely bypass the legislatively

required burden of proof it has on the third element. Defendants have essentially been forced to carry the burden of disproving a presumption that does not exist under the statute.

¶ 18 I am mindful of the circuit courts' time-strapped dockets and the difficulties associated with the legislature requiring more for bond hearings than was previously required. But courts must adapt when the legislature requires us to do so. The "old way of doing things" simply no longer suffices for bond hearings. The State cannot be allowed to ignore its statutorily mandated burden on the third element, especially when the statutory scheme carries an explicit presumption in favor of release. See 725 ILCS 5/110-2(a) (West 2022).

¶ 19 I emphasize that I am not commenting at all on whether conditions do exist that could mitigate the threat allegedly posed by the defendant in this case. Perhaps there are none. But the statute puts the burden of proving that no such conditions exist squarely on the State. When the State provides no evidence on that issue at the hearing and the circuit court denies pretrial release anyway, a decision by a reviewing court that affirms the circuit court's decision is inconsistent with the statutory scheme's explicit requirements and purpose and is therefore incorrect, no matter how dangerous or violent the particular defendant may in fact be.

¶ 20 Under the circumstances of this case, I would hold that because the State failed to meet its burden on the third element of section 110-6.1(e), the circuit court abused its discretion when it granted the State's motion to deny pretrial release. Its decision must be reversed and the matter remanded for a statutorily compliant hearing.