**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 230741-U

Order filed March 6, 2024

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-23-0741 Circuit No. 23-CF-434 |
| BRENNAN L. JORGENSON, | ) ) ) | Honorable Howard C. Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAVENPORT delivered the judgment of the court.
Justice Holdridge concurred in the judgment.
Presiding Justice McDade dissented.

_____

**ORDER**

¶ 1    *Held*:  The court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2    Defendant, Brennan L. Jorgenson, was charged on December 6, 2023, with unlawful possession of cannabis with intent to deliver (Class X) (720 ILCS 550/5(g) (West 2022)), unlawful possession of a controlled substance with intent to deliver (psilocin) (Class X) (*id.* § 570/401(a)(11)), and eight counts of unlawful possession of a weapon by a felon (Class X and

Class 2) (720 ILCS 5/24-1.1(a) (West 2022)). The State filed a verified petition to deny pretrial release, alleging defendant was charged with a nonprobationable offense, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(1) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(1) (West 2022)).

¶ 3                                I. BACKGROUND

¶ 4        The factual basis provided that on December 5, 2023, agents of the drug task force executed a search warrant on defendant's residence. They located: (1) "a large-scale cannabis grow operation," (2) over 20,000 grams of cannabis, (3) over 10,000 grams of psilocin mushroom bars, (4) over $17,000, (5) a scale, (6) a vacuum sealer, (7) a money counter, and (8) eight firearms, which were identified in the petition. The State attached photographs to the petition, depicting what was discovered. Defendant had prior convictions for criminal damage to property, possession of narcotics, and possession of drug paraphernalia.

¶ 5        A hearing was held on the petition on December 6, 2023. The State called Agent Luke Radtke of the La Salle Police Department who was assigned to the drug task force and was the lead agent in this case. Radtke stated that he had spoken to an informant about Tommy Higgins selling drugs and guns. The informant gave Radtke addresses where Higgins had been "staying and dealing drugs and selling guns out of and a stash house." The address of the stash house was a house owned and occupied by defendant. Radtke initially began to get a search warrant for a different address, but the informant stated that he and Higgins were driving to another location to sell a gun. The informant told Radtke what to expect in the vehicle. Officers executed a traffic stop on the vehicle and took the informant and Higgins into custody. Defendant was "spotted at the traffic stop." Regarding defendant's residence, the informant told Radtke that he had driven Higgins there three or four times in the previous month. Higgins would go inside and come out

2

with drugs. Radtke obtained a search warrant for defendant's house. Defendant had left the residence just prior to the execution of the search warrant, and he was stopped down the road by an officer and detained. Radtke discussed the photographs and what was discovered inside defendant's house. He stated everything discovered at the house indicated that it was a large-scale operation. The informant had come to Radtke with the concerns about a family member who lost their life due to a gun that was given to him by Higgins. Everything told to him by the informant was "spot on." Based on his training and experience and the information collected, Radtke stated he believed defendant and Higgins were in business together dealing drugs and selling guns. The State argued defendant posed a threat to the safety of the community based on the large number of drugs and guns. The State also noted defendant mentioned in his presentence investigation report that his four-year-old daughter lived in the residence where guns and drugs were in the house, unsecured.

¶ 6        Defense counsel admitted multiple character letters from defendant's family and friends and noted defendant had his own construction business. Defense counsel also argued defendant did not physically possess the guns, nor did he use them against anyone. The court granted the State's petition, finding it met its burden by clear and convincing evidence. In doing so the court stated it could not find any conditions to keep the community safe, based upon the large nature of the operation. It explained, "He's already got conditions. He's a felon. He's not supposed to be committing crimes, and he's not supposed to be having drugs. I can't think of any pretrial conditions that he's going to comply with because he hasn't done it yet just in his normal life."

¶ 7                                    II. ANALYSIS

¶ 8        On appeal, defendant contends the court abused its discretion in granting the petition to detain. We consider factual findings for the manifest weight of the evidence, but the ultimate

3

decision to grant or deny the State's petition to detain is considered for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 9         Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(e). When determining a defendant's dangerousness and the conditions of release, the statute includes a nonexhaustive list of factors the court can consider. *Id.* §§ 110-6.1(g), 110-5.

¶ 10         We find the court did not err in granting the State's petition. First, Radtke testified he found out that defendant lived at and owned the stash house where guns and drugs were found. While defendant challenges the propriety of this evidence, the rules of evidence do not apply to detention hearings (*id.* § 110-6.1(f)(5)). The court was able to consider Radtke's testimony and determine its credibility. Second, the large amount of drugs and guns found in this case posed a danger to the community. Third, it was not against the manifest weight of the evidence for the court to find there were no conditions to mitigate defendant's dangerousness. As the court noted, defendant appeared to run a large-scale operation that would be difficult to prevent defendant from running without detention. Moreover, defendant was a felon, and the court found that he had shown his inability to abide by any conditions set by the court. Therefore, the court did not abuse its discretion in granting

4

the petition. We further find that the written order in this case was sufficient. See *People v. Hodge*, 2024 IL App (3d) 230543, ¶ 11.

¶ 11                                    III. CONCLUSION

¶ 12        The judgment of the circuit court of La Salle County is affirmed.

¶ 13        Affirmed.

¶ 14        PRESIDING JUSTICE McDADE, dissenting:

¶ 15        I dissent from the majority's decision to affirm the circuit court's order granting the State's petition to deny pretrial release.

¶ 16        As the majority recites, section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release. . . ." 725 ILCS 5/110-6.1(e) (West 2022). To rebut this presumption, the State must prove the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat to the safety of any person, persons, or the community; and (3) that no conditions can mitigate this threat. *Id.*

¶ 17        I agree with the majority's findings that the State satisfied both the first and second of the above elements. As to the third element, section 110-10(b) of the statute sets out a nonexhaustive list of possible conditions for pretrial release. See 725 ILCS 5/110-6.1(e) (West 2022). During the hearing on its petition below, the State argued that, at the time when he committed the offenses charged in this case, defendant was already a convicted felon prohibited from possessing the drugs and guns found inside his home. However, the State did not specifically argue why any of the conditions listed under section 110-10(b) would not mitigate defendant's dangerousness. Nor did the State argue why other conditions outside of the statute, such as preventing defendant or anyone

5

else from accessing the home where the drugs and guns were contained, would not mitigate the same. Under these circumstances, I find that the State did not satisfy the third element and would reverse the circuit court's decision.