**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2024 IL App (3d) 240146-U

Order filed June 5, 2024

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2024

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-24-0146 Circuit No. 23-CF-409 |
| JEFFREY J. HANKERSON, | ) ) ) | Honorable H. Chris Ryan, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE ALBRECHT delivered the judgment of the court.
Justice Brennan concurred in the judgment.
Presiding Justice McDade dissented.

**ORDER**

¶ 1    *Held*:   The circuit court did not abuse its discretion in granting the State's petition to deny pretrial release.

¶ 2    Defendant, Jeffrey J. Hankerson, appeals the circuit court's grant of the petition to deny him pretrial release. He argues the State failed to meet its burden of proof by proving through clear and convincing evidence that (1) it is evident or the presumption great that he committed a detainable offense and (2) that he poses an unmitigable danger. We affirm.

¶ 3                                I. BACKGROUND

¶ 4        Defendant was indicted on November 21, 2024, with unlawful possession of a weapon by a felon (Class 2) (720 ILCS 5/24-1.1(a) (West 2022)) and being an armed habitual criminal (Class X) (*id.* § 24-1.7(a)). The State filed a verified petition to detain alleging defendant was charged with being an armed habitual criminal, and his release posed a real and present threat to the safety of any person, persons, or the community under section 110-6.1(a)(6) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a)(6) (West 2022)).

¶ 5        The factual basis provided that on September 24, 2023, officers were sent to a residence for a domestic disturbance. Upon arriving, officers were informed that defendant had thrown a handgun underneath the back of a vehicle when he learned that the police were responding. Officers looked under the back of the vehicle as directed and located a loaded Taurus 9mm pistol. Upon defendant's arrest, a Defentac weapon mounted light was found in his left front pocket. This device was a laser/flashlight mount for pistols such as the one found under the vehicle. Defendant's criminal history included juvenile offenses for domestic battery and criminal damage to government supported property. He was convicted of robbery and sentenced to probation, but his probation was subsequently revoked due to new offenses. He was convicted of domestic battery and possession with intent to deliver, which he was on mandatory supervised release (MSR) for at the time of the offense. He had other convictions for aggravated fleeing, retail theft, and possession of a weapon by a felon. Defendant failed to appear on his first court date and a warrant was issued for his arrest.

¶ 6        A detention hearing was held on February 22, 2024. The State provided the factual basis and defendant's criminal history, indicating that he was on MSR at the time of the offense. The State also indicated that defendant failed to appear for his initial court date, was arrested in

Florida, and was extradited back to Illinois. While it was not a crime for defendant to possess the light in his pocket, the State argued that it was corroboration for the allegation that the weapon belonged to defendant. Defense counsel stated that it did not "have any information that would indicate [defendant] was even made aware or sent notice of the court date" that he failed to appear for. Counsel stated that the weapon was not found on defendant, and defendant did not threaten or harm anyone.

¶ 7        The court granted the petition, finding the State met its burden by clear and convincing evidence. In doing so the court stated that the proof was evident or presumption great that defendant committed a detainable offense, noting, "Hearsay is admissible in these particular matters. Apparently someone said they saw him throw a gun under the car. It's a gun. It's a handgun. It's the type of a laser light that is used on handguns that's found in his pocket." The court stated that defendant had the prerequisite felony convictions for armed violence. The court further found that defendant posed a real and present threat to the safety of any persons or the community and that it could not "think of any condition or combination of conditions that could mitigate the real present threat." The court stated, "The case has been recited. The facts have been recited here. He has a prior weapons felon [*sic*]. He has a weapons [*sic*] now. He has prior crimes of violence, relatively recent. He's on MSR at the time that this particular matter was alleged to have been committed."

¶ 8                                   II. ANALYSIS

¶ 9        On appeal, defendant challenges the State's proof on each of the three propositions. We consider whether factual findings are against the manifest weight of the evidence, but the ultimate decision to grant or deny the State's petition to detain is reviewed for an abuse of discretion. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Under either standard, we

3

consider whether the court's determination is arbitrary or unreasonable. *Id.*; see also *People v. Horne*, 2023 IL App (2d) 230382, ¶ 19.

¶ 10    Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). The State must file a verified petition requesting the denial of pretrial release. *Id.* § 110-6.1. The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight. *Id.* § 110-6.1(a), (e). Sections 110-5(a) and 110-6.1(g) set forth factors for the court to consider when determining dangerousness and any conditions. *Id.* §§ 110-5(a), 110-6.1(g).

¶ 11    First, defendant contends that the State failed to prove by clear and convincing evidence that the proof was evident that defendant possessed the firearm, where the State did not name the alleged witness. However, the State may present evidence by way of proffer and the rules of evidence do not apply to detention hearings. *Id.* § 110-6.1(f). Here, the State presented evidence by way of proffer that someone told officers defendant threw the gun under the car. Defendant also had a light in his pocket that would be used for that type of weapon. Moreover, the grand jury indicted defendant on the charges. Therefore, we cannot say it was against the manifest weight of the evidence for the court to find the proof was evident defendant committed the offenses.

¶ 12    Second, it was not against the manifest weight of the evidence for the court to find defendant was dangerous. The State presented evidence that defendant was a felon, had a significant criminal history, and possessed a weapon, thus showing that he was dangerous. Third,

4

the record shows that the State presented information regarding the factors on the conditions, including the nature and circumstances of the offenses and the history and characteristics of defendant. See *id.* § 110-5(a). The court specifically noted that defendant was a convicted felon, could not have weapons, yet possessed a weapon, here. He was also on MSR at the time of the offense. The court could have found that defendant would not abide by any conditions, considering that he had already violated his MSR and the edict that he not possess a firearm. We cannot find that it was against the manifest weight of the evidence for the court to find that there were no conditions to mitigate the threat defendant posed. Therefore, the court did not abuse its discretion in granting the State's petition.

¶ 13        In coming to this conclusion, we reject defendant's contention that the court did not make the necessary written findings. We have already considered this issue in *People v. Hodge*, 2024 IL App (3d) 230543. In *Hodge*, we noted that the point of such written findings was to facilitate appellate review and "where the transcript and order of the court 'provide an equal opportunity to review the validity of the finding on appeal,' it is sufficient." *Id.* ¶ 11 (quoting *In re Madison H.*, 215 Ill. 2d 364, 375 (2005). The written order of the court was sufficient where it incorporated by reference the findings the court made on the record.

¶ 14                                III. CONCLUSION

¶ 15        The judgment of the circuit court of La Salle County is affirmed.

¶ 16        Affirmed.

¶ 17        PRESIDING JUSTICE McDADE, dissenting:

¶ 18        I dissent from the majority's decision to affirm the circuit court's order granting the State's verified petition to deny pretrial release.

¶ 19　　As the majority recites, section 110-6.1(e) of the Code of Criminal Procedure of 1963 states that "[a]ll defendants shall be presumed eligible for pretrial release. . . ." 725 ILCS 5/110-6.1(e) (West 2022). To rebut this presumption, the State must prove the following three elements, by clear and convincing evidence: (1) that the proof is evident or the presumption great that the defendant has committed a detainable offense; (2) that the defendant poses a real and present threat to the safety of any person, persons, or the community; and (3) that no conditions can mitigate this threat. *Id.*

¶ 20　　I agree with the majority's findings that the State satisfied the first of the above elements. Relevant to the second element, the majority found that it was not against the manifest weight of the evidence for the circuit court to find that defendant was dangerous, because the State presented evidence that defendant was a felon, that he possessed a weapon, and that he had an extensive criminal history. Neither federal nor Illinois law outright bans the personal possession of firearms across all circumstances. See U.S. Const., amend. II; Ill. Const. 1970, art. I, § 22. Sections 24-1.1(a) and 24-1.7(a) of the Illinois Criminal Code criminalize the possession of any firearm by a person who has been convicted of a felony, or two or more felonies, respectively (see 720 ILCS 5/24-1.1(a), 24-1.7(a) (West 2022)), as defendant is alleged to have been in this case. However, it is unclear what *real* and *present* threat of danger defendant poses to specific persons or to the community by merely possessing a firearm.

¶ 21　　Moreover, although defendant has an extensive criminal history, the State presented evidence of only three of defendant's prior offenses involving acts of violence against other people. Of these three offenses, the first was a 2013 adjudication of domestic battery from when defendant was a juvenile, the second was a 2013 conviction for robbery, and the third was a 2018 conviction for domestic battery. Because of the passage of time since these offenses, I find that

6

they do not rise to the level of supporting a finding of dangerousness with respect to this defendant, even when considered in conjunction with the allegations that defendant was a felon in possession of a gun.

¶ 22        It follows from the fact that the State did not meet its burden of proof under the second element that it also failed to meet its burden of proof under the third element regarding conditions. Therefore, I find that the circuit court abused its discretion by denying defendant pretrial release, and would reverse its judgment.