2025 IL App (2d) 250357-U
No. 2-25-0357
Order filed December 1, 2025

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 25-CF-1593 |
| SHANESE N. RICHARDSON, | ) ) ) | Honorable Victoria A. Rossetti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justice Hutchinson concurred in the judgment.
Justice McLaren specially concurred.

**ORDER**

¶ 1    *Held*:   The trial court's decision to detain defendant was not erroneous.

¶ 2    Defendant, Shanese Richardson, appeals from the circuit court's orders of August 6 and 19, 2025, denying her pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today Act (SAFE-T Act) (see Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4　　Defendant was arrested on July 14, 2025, and charged by information with armed violence and with eight counts of the manufacture, delivery and possession of illegal drugs. On July 15, 2025, the State filed a petition for defendant's pretrial detention. The State's proffer indicated that the Lake County Sheriff's Department had obtained a search warrant for defendant, her car, and her residence. On July 14, officers stopped defendant's vehicle as she left her residence. In her vehicle, officers discovered a loaded Glock 43X 9mm pistol. During the search of defendant, officers discovered baggies containing 23 grams of cocaine and baggies containing 5.5 grams of heroin and fentanyl. Additionally, officers discovered that defendant had $1,178 in cash. In searching her residence, officers discovered 59 grams of cocaine, 53 grams of FTP heroin and fentanyl, a safe which contained 174.5 grams of methamphetamines, and $25,350 in cash. After being given her *Miranda* rights, defendant admitted to selling cocaine and heroin in order to make extra money.

¶ 5　　Based on the above allegations, the State argued that the proof was evident, or the presumption great, that defendant had committed the charged offenses. The State asserted that the allegations demonstrated that defendant posed a clear and present threat to the community. Further, the State argued that there was no condition or combination of conditions that could mitigate that threat because there was no technology that could confine defendant to her home with certainty nor could pre-trial bond services engage in effective 24-hour surveillance of defendant's residence.

¶ 6　　Following a hearing, the trial court ordered defendant to be detained. The trial court subsequently denied defendant's motions for relief on both August 6 and 19, 2025. Defendant thereafter filed a timely notice of appeal.

¶ 7　　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 8     On appeal, defendant argues that the State failed to meet its statutory burden to overcome the presumption that she should be released prior to trial.  Specifically, she argues that the State failed to prove that she posed a threat to anyone or that there were no conditions less than detention that could mitigate that alleged threat.

¶ 9     Everyone charged with an offense is eligible for pretrial release, which may only be denied in certain situations.  725 ILCS 5/110-2(a), 110-6.1 (West 2022).  The State must file a verified petition requesting the denial of pretrial release.  *Id.* § 110-6.1.  The State then has the burden of proving by clear and convincing evidence (1) the proof is evident or presumption great that defendant committed a detainable offense, (2) defendant poses a real and present threat to any person, persons, or the community or is a flight risk, and (3) no conditions could mitigate this threat or risk of flight.  *Id.* § 110-6.1(a), (e).

¶ 10    A trial court may order a defendant detained pending trial if it finds that the State has met its burden as to all three propositions.  *People v. Morgan*, 2025 IL 130626, ¶ 41.  When the State presents evidence by proffer rather than by live testimony, we review the trial court's decision to detain the defendant *de novo*.  *Id.* ¶ 54.  We review the evidence proffered by the State and any other documentary evidence with "no deference to the decision of the circuit court."  *Id.* ¶ 22.

¶ 11    As to whether defendant posed a threat to anyone, here she was charged with three counts of the manufacture or delivery of a controlled substance (720 ILCS 570/401(c)(2) (West 2022)), under the Illinois Controlled Substances Act.  The legislative intent of the Illinois Controlled Substances Act states, in relevant part, that it was passed:

> "recognizing the rising incidence in the abuse of drugs and other dangerous substances and
> its resultant damage to the peace, health, and welfare of the citizens of Illinois, *** [and
> to] penalize most heavily the illicit traffickers or profiteers of controlled substances, who

propagate and perpetuate the abuse of such substances with reckless disregard for its consumptive consequences upon every element of society." *Id.* § 100. The fact that defendant was found with over $26,000 in cash in her possession suggests that she was selling drugs in her community. Indeed, defendant admitted as much when she stated she was selling cocaine and heroin to make extra money.

¶ 12     In addition to possessing and selling dangerous drugs, defendant was also charged with armed violence based on her possession of a loaded firearm, which is classified as a dangerous weapon under the law. *People v. Ross*, 229 Ill. 2d 255, 275 (2008); *People v. Johnson*, 2023 IL App (5th) 230714, ¶¶ 26-27. As defendant was selling dangerous drugs while in possession of a dangerous weapon, defendant clearly posed a threat to the members of her community.

¶ 13     Defendant tries to minimize her possession of a loaded firearm by pointing out that she had a concealed carry license (CCL). She notes that before issuing a CCL, the Illinois State Police must determine that a person "does not pose a danger to himself, herself, or others, or a threat to public safety as determined by the Concealed Carry Licensing Review Board." 430 ILCS 66/10(a)(4) (West 2024). Defendant insists that her possession of a CCL "is strong evidence that [she] does not possess the sort of character traits that make her dangerous and warrant pretrial detention."

¶ 14     We believe that had the Concealed Carry Licensing Review Board known that defendant was selling cocaine, heroin, and fentanyl, it would not have issued her a CCL. Further, the fact that she can point to a time in her past when she was not dangerous to her community (such as when she was issued a CCL) does not mean this court must overlook her present conduct which indicates that she is dangerous.

¶ 15    We next address defendant's contention that the trial court violated the requirement in section 110-6.1(h)(1) which requires

> "a written finding summarizing the court's reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not avoid a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id.* § 110-6.1(h)(1).

Defendant argues that the trial court's failure to explain in writing why no set of conditions could mitigate the threat she allegedly posed demonstrates that it gave no meaningful consideration of this issue. As such, she insists that the trial court's detention order should be reversed.

¶ 16    Defendant is correct that the record does not contain any indication that the written-order requirement of the statute was complied with. However, our appellate court has repeatedly determined that, in considering whether the trial court has complied with the written-findings requirement of the Act, we must look at its oral findings as well. See *People v. Vance*, 2024 IL App (1st) 232503, ¶ 29 (the trial court's oral ruling, if reduced to writing in a transcript of proceedings, should be considered along with the written order); *People v. Andino-Acosta*, 2024 IL App (2d) 230463, ¶ 22 (written-findings requirement was satisfied in that "[t]he oral ruling was explicit and individualized and, read together with its written findings, was sufficient to apprise the defendant of the reasons for its ruling and to accommodate review under the Act"); *People v. Hodge*, 2024 IL App (3d) 230543, ¶ 11 (no violation of writing-findings requirement, as transcribed oral ruling was sufficient to permit meaningful appellate review).

¶ 17    In its denial of her initial motion for relief, the trial court explained that home monitoring would be insufficient because it could not monitor someone 24 hours a day, 7 days a week. In its denial of her second motion for relief, the trial court found that were no conditions that could

mitigate the real and present threat to the safety of the community that defendant posed based on the amount of and the type of drugs that she was selling.

¶ 18    We agree with the trial court that home monitoring would not mitigate the threat to the community defendant posed.  As defendant utilized her home in conducting large scale drug transactions, allowing her to return home unmonitored for extended periods of time would constitute a threat to the community.  See *People v. Badie*, 2025 IL App. (3d) 250033, ¶ 31 (threat presented by defendant cannot be effectively mitigated by electronic home monitoring, which requires that defendant be allowed two days of movement and is "reactive and permissive" in nature).  Accordingly, the State met its burden of showing that no condition or combination of conditions could adequately mitigate the threat defendant poses to the safety of the community.

¶ 19                                  III. CONCLUSION

¶ 20    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 21    Affirmed.

¶ 22    JUSTICE McLAREN, specially concurring:

¶ 23    While I concur with the majority's decision to affirm the judgment of the circuit court, I write separately to voice my concerns regarding the applicable standard of review.  The majority finds the standard of review in the immediate matter to be a mandatory *de novo* review and I find this to be contrary to the clear language of binding precedent.  As I recently detailed in my special concurrence in *People v. Mondragon*, the clearest reading of our supreme court's decision in *Morgan* is that the manifest weight of the evidence standard applies to both the circuit court's factual findings and ultimate detention decision under section 110-6.1, but a reviewing court has the option to apply *de novo* review to the factual findings if the detention hearing proceeded solely

by proffer.  *People v. Mondragon*, 2025 IL App (2d) 250125-U, ¶ 18-39 (McLaren, J., specially concurring).